## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

        Plaintiff,

      v.                           No. **CR 05-1150 MCA**

**JOHN NORBERT CONTRERAS**,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the *Government's Motion for Judicial Notice of Defendant's Prior Judicial Admission* [Doc. 81] filed on August 10, 2006.  Having reviewed the parties' submissions, the relevant law, and being fully advised in the premises, the Court grants the Government's motion subject to the conditions set forth below.

## I.    BACKGROUND

The history of this case is recounted in the Court's prior *Memorandum Opinion and Order* [Doc. 72] filed on August 3, 2006.  In that ruling, the Court determined that evidence concerning certain features of two prior robberies committed by Defendant is conditionally admissible under Fed. R. Evid. 404(b) during the Government's case-in-chief, namely the July 25, 1997, robbery of a branch of Norwest Bank located at 4624 Fourth Street, N.W., in Albuquerque, New Mexico, which resulted in Defendant's conviction in federal court dated April 27, 1999, and the November 22, 1997, robbery of a Sam's Club store located at 300 Eubank Boulevard, N.E., in Albuquerque, New Mexico, which resulted in his conviction in

state court dated May 14, 1998.  I also determined that evidence of Defendant's prior convictions for these two robberies is conditionally admissible under Fed. R. Evid. 609 in the event that Defendant chooses to testify at trial.

In order to be admissible under Fed. R. Evid. 404(b) during the Government's case in chief, the evidence on this topic must focus on the relevant similarities among the three crimes and establish an adequate foundation to support a reasonable inference that these similarities show a common scheme based on prior knowledge, preparation, or planning as a robber of banks and stores.  In addition, Defendant is free to call into question the significance of such similarities by means of cross-examination, closing argument, and presenting his own testimony or that of other defense witnesses, and I will offer a limiting instruction, as contemplated in the parties *Joint Requested Jury Instructions* [Doc. 76], in order to mitigate the potential for unfair prejudice or juror confusion occasioned by the admission of such evidence.

At the Call of the Calendar, counsel for the parties indicated that they were discussing the idea of entering into stipulations regarding the two prior robberies in order to further minimize the potential for unfair prejudice.  As evinced by the briefing on the *Government's Motion for Judicial Notice of Defendant's Prior Admission* [Doc. 81], the parties were unable to reach such stipulations as to the two prior robberies in advance of trial.  Hence, for purposes of its case-in-chief the Government now proposes to introduce the fact of Defendant's prior admission of guilt as to the July 25, 1997, robbery of the Norwest Bank by means of judicial notice.  This proposal does not concern the other 1997 robbery, nor

does it concern any prior convictions which may become admissible in the event that Defendant chooses to testify at trial.

## II.   ANALYSIS

Nothing in the Court's prior rulings requires Defendant to stipulate to any facts concerning the prior robberies or excuses the Government from laying the necessary foundation for showing that evidence of those robberies is admissible under Fed. R. Evid. 404(b) during its case-in-chief.  An adequate foundation necessarily involves introducing testimony about the relevant features of the bank robbery charged in the *Indictment*, and then introducing evidence of similar features of the prior crimes at issue here.  Only if these foundational requirements are satisfied would the Government be in a position to introduce evidence that Defendant previously admitted his guilt or was convicted of those prior crimes.

The requirements for taking judicial notice of such facts is set forth in Fed. R. Evid. 201.  Under this rule, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "A court shall take judicial notice if requested by a party and supplied with the necessary information," Fed. R. Evid. 201(d), so long as the opposing party is given an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed, Fed. R. Evid. 201(e).

Although the Tenth Circuit has allowed evidence of a prior conviction to be admitted under Fed. R. Evid. 404(b) by means of oral testimony, see United States v. Nolan, 551 F.2d

266, 271-72 (10th Cir. 1977), more recent authorities from other circuits suggest that judicial notice also provides an appropriate mechanism for introducing such evidence, see, e.g., United States v. Lewis, 110 F.3d 417, 419-21 (7th Cir. 1997); United States v. Tringali, 71 F.3d 1375, 1379 (7th Cir. 1995).  Prior convictions or guilty pleas are capable of accurate and ready determination by resort to court records, the accuracy of which cannot reasonably be questioned.  See Scholes v. Lehmann, 56 F.3d 750, 762 (7th Cir. 1995); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); cf. Fed. R. Evid. 803(22) (stating that "[e]vidence of a final judgment, entered after trial or upon a plea of guilty . . . adjudging the person guilty of a crime" is not excluded by the hearsay rule "to prove any fact essential to sustain the judgment").

Further, the Tenth Circuit has "adopted the general rule that '[j]udicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.'"  United States v. Estep, 760 F.2d 1060, 1063 (10th Cir. 1985) (quoting St. Louis Baptist Temple v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)).   In appropriate circumstances, federal courts also "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  St. Louis Baptist Temple, 605 F.2d at 1172; accord Coil, 887 F.2d at 1239.

In this case, the court's own records include the judgment stemming from Defendant's prior guilty plea relating to the July 25, 1997, robbery of the Norwest Bank.  See United States v. Contreras, No. CR 98-00075 BB, Doc. 20, 21, 31, 35 (D.N.M. April 27, 1999),

aff'd 210 F.3d 1151 (10th Cir. 2000).  I find that the facts of Defendant's prior guilty plea and conviction contained in these court records satisfy the requirements of Fed. R. Evid. 201(b).

It does not follow, however, that all facts contained in these court records are admissible under Fed. R. Evid. 404(b) during the Government's case-in-chief.  As the parties note in their briefs, the only relevant fact to be judicially noticed under this rule during the Government's case-in-chief is that on a previous occasion, Defendant "has admitted robbing the Griegos branch of Norwest Bank, 4624 4th Street N.W., in Albuquerque, on July 25, 1997."  [Doc. 84, 85.]

Further, judicial notice of this fact must be accompanied by appropriate limiting instructions, as required under both Fed. R. Evid. 404(b) and 201(g).  Under Fed. R. Evid. 404(b), the jury must be instructed that it may consider the evidence of Defendant's other crime only as it bears on the defendant's intent, preparation, plan, or identity, and for no other purpose.  See Tenth Circuit Criminal Pattern Jury Instruction No. 1.30 (Feb. 2006). [Doc. 76.]  Thus, I will instruct the jury in accordance with Tenth Circuit Criminal Pattern Jury Instruction No. 1.30 both at the time that judicial notice is taken and at the end of the trial.

The Court's taking of judicial notice also must be accompanied by a jury instruction explaining that the jury "may, but is not required to, accept as conclusive any fact judicially noticed." Fed. R. Evid. 201(g); see Tenth Circuit Criminal Pattern Jury Instruction No. 1.06 Use Note ("If the court has taken judicial notice of a fact, the term "judicial notice" should

be explained to the jury.").   Thus, upon taking judicial notice I will offer the jury an

explanation in accordance with the following pattern instruction:

> The Court has taken judicial notice of certain facts or events.  When the
> Court declares that it has taken judicial notice of some fact or event, you may
> accept the Court's declaration as evidence and regard as proved the fact or
> event which has been judicially noticed.   You are not required to do so,
> however, since you are the sole judge of the facts.

1A Kevin F. O'Malley, *et al.*, <u>Federal Jury Practice and Instructions</u> § 12.03, at 132 (2000); <u>see</u>

<u>United States v. Deckard</u>, 816 F.2d 426, 428 (8th Cir. 1987) (approving a  jury instruction with

similar language).   I will also repeat this explanation and include judicial notice in the definition of

evidence provided in the final jury instructions at the end of the trial.

The above conditions will apply in the event that Defendant chooses not to enter into any

stipulations regarding the evidence admitted under Fed. R. Evid. 404(b) or the manner in which the

jury should be instructed as to this evidence.  I again emphasize that my rulings on this issue in no

way require Defendant to enter into any such stipulations.

In the event that parties do reach any stipulations on this issue, however, I am willing to

provide the jury with a stipulated limiting instruction in lieu of the pattern instructions cited

above.  In addition, my written ruling on this issue remains subject to reconsideration if

unforeseen circumstances or a change in context should arise during the trial.  Thus, counsel

for the Government must advise both the Court and opposing counsel when he is ready to

request that judicial notice be taken so that Defendant has the opportunity to renew his

objection and the Court has the opportunity to provide the jury with appropriate instructions

to accompany the judicially noticed fact.

**IT IS, THEREFORE, ORDERED** that the the *Government's Motion for Judicial*

*Notice of Defendant's Prior Judicial Admission* [Doc. 81] is **GRANTED** under the conditions specified above.

      **SO ORDERED** this 15th day of August, 2006, in Albuquerque, New Mexico.

                                          _____

                                          **M. CHRISTINA ARMIJO**

                                          UNITED STATES DISTRICT JUDGE