## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

        Plaintiff,

    v.                        No. **CR 05-1150 MCA**

**JOHN NORBERT CONTRERAS**,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court for sentencing after a jury trial at which Defendant John Norbert Contreras was found guilty of one count of Bank Robbery in violation of 18 U.S.C. § 2113(a). The Court held a sentencing hearing in Albuquerque, New Mexico, on January 29, 2007, at which Defendant and counsel were present. Having fully considered the parties' submissions, the pre-sentence report and any addendum thereto, the applicable law, the evidence and the arguments of counsel presented at the hearing, and being fully advised in the premises, the Court imposes a term of life imprisonment under 18 U.S.C. § 3559(c) for the reasons set forth at the hearing on January 29, 2007, which are further documented below.

On August 17, 2006, a jury found Defendant John Norbert Contreras guilty of one count of bank robbery in violation of 18 U.S.C. § 2113(a). [Doc. 92, 95.] On September 29, 2005, the Government filed an *Enhancement Information* alleging that Defendant has a total of at least three separate robbery convictions (including his conviction in the case at bar) that

qualify him for a mandatory sentence of life imprisonment under 18 U.S.C. § 3559(c).  [Doc. 23.]

The main issue in dispute in the parties' sentencing briefs is whether the mandatory life imprisonment provisions of 18 U.S.C. § 3559(c) apply in this case.  This issue breaks down into two parts:  (1) whether Defendant's robbery convictions satisfy the statutory requirements for imposing a mandatory life sentence under 18 U.S.C. § 3559(c) in this case; and (2) whether the statutory procedure for imposing a mandatory life sentence under 18 U.S.C. § 3559(c) violates Defendant's constitutional right to have a jury trial at which the Government bears the burden of proving beyond a reasonable doubt any mandatory sentencing enhancement based on prior convictions.

I answer the first question in the affirmative and the second question in the negative. At this time, there is precedent from the Supreme Court and the Tenth Circuit requiring the conclusion that the application of 18 U.S.C. § 3559(c) does not violate Defendant's constitutional right to a jury trial at which the Government bears the burden of proof beyond a reasonable doubt.  Based on the evidence of record, Defendant has enough qualifying convictions to trigger a mandatory life sentence under this statute.

I.    **Application of the Federal "Three Strikes" Statute**

The federal "three strikes" law which the Government seeks to apply to Defendant in this case provides that:

> Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if--
> (A) the person has been convicted (and those convictions have become final)

on separate prior occasions in a court of the United States or of a State of--
(i) 2 or more serious violent felonies; or
(ii) one or more serious violent felonies and one or more serious drug offenses; and
(B) each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense.

18 U.S.C. § 3559(c)(1).  The statute defines the term "serious violent felony" to include:  "a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery (as described in section 2111, 2113, or 2118) . . . or attempt, conspiracy, or solicitation to commit any of the above offenses."  18 U.S.C. § 3559(c)(2)(F).

Whether a particular robbery offense falls under the statutory definition of a "serious violent felony" is a question of law for the Court to decide, because it can be answered without looking beyond the judicial record and the statutory definitions of the crimes of conviction.  See, e.g., United States v. Snype, 441 F.3d 119, 148-49 (2d Cir. 2006); cf. United States v. Moore, 401 F.3d 1220, 1224-25 (10th Cir. 2005) (concluding that whether a prior offense is a "violent felony" for purposes of the Armed Career Criminal Act (ACCA) is a question of law for the Court to decide).  In the present case, Defendant's conviction for bank robbery under 18 U.S.C. § 2113(a) fits under the definition of "serious violent felony" in 18 U.S.C. § 3559(c)(2)(F) as a matter of law, because the plain language of the latter statute defines "serious violent felony" to include "a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery (as described in Section 2111, 2113, or 2118)."  See Snype, 441 F.3d at 144.  The same statutory definition applies to the 1997 Norwest Bank robbery for which Defendant was convicted and sentenced in the

United States District Court for the District of New Mexico in1999.  See United States v. Contreras, No. CR 98-0075 BB (D.N.M. Apr. 27, 1999), aff'd, 210 F.3d 1151 (10th Cir. 2000).

For Defendant's prior robbery convictions in state court, the Court must look to the New Mexico statute defining the crimes of "robbery" and "armed robbery."  This statute provides that:

> Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.
>
> Whoever commits robbery is guilty of a third degree felony.
>
> Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

N.M. Stat. Ann. § 30-16-2 (Michie 1978).  New Mexico's appellate courts have emphasized that the use or threatened use of force is an essential element of this offense and must be causally related to the theft of the victim's property.  See State v. Hernandez, 2003-NMCA-131, ¶ 9, 134 N.M. 510, 79 P.3d 1118; State v. Walsh, 81 N.M. 65, 67, 463 P.2d 41, 43 (Ct. App. 1969).  Armed robbery is not a different offense than robbery under this statute; rather, armed robbery is simply a means of committing robbery that results in a greater penalty.  See State v. Roque, 91 N.M. 7, 9, 569 P.2d 417, 419 (Ct.  App. 1977).

Except for jurisdictional elements, New Mexico's statutory definition of "robbery" and "armed robbery" parallels the definition of "robbery" contained in the federal statutes that are cited in 18 U.S.C. § 3559(c).  See 18 U.S.C. § 2111 ("Whoever, within the special

maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years."); 18 U.S.C. § 2113(a) ("Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both. . . ."); 18 U.S.C. § 2118(a) ("Whoever takes or attempts to take from the person or presence of another by force or violence or by intimidation any material or compound containing any quantity of a controlled substance belonging to or in the care, custody, control, or possession of a person registered with the Drug Enforcement Administration . . . shall  ... be fined under this title or imprisoned not more than twenty years, or both . . . ."). Because the essential elements in New Mexico's statutory definition of "robbery" parallel the elements required to establish robbery under 18 U.S.C. §§ 2111, 2113, or 2118, it is a simple matter of statutory interpretation to conclude that state-court convictions for robbery and armed robbery qualify as "serious violent felonies" for purposes of 18 U.S.C. § 3559(c).  See Snype, 441 F.3d at 144.  No judicial factfinding is required to reach this conclusion.

Whether the Defendant was convicted of the required number of such robberies, however, is a fact question which the Government bears the burden of proving by a preponderance of the evidence at the sentencing hearing.  Ordinarily, the Government can

meet this burden by introducing "certified copies of conviction from at least two prior serious violent felonies committed by a defendant who has been convicted of a third serious violent felony" in the proceedings leading up to the sentencing hearing.  United States v. Cooper, 375 F.3d 1041, 1053 (10th Cir. 2004).  But there is no express requirement that evidence of prior convictions must always take the form of certified copies, so long as the evidence is reliable for sentencing purposes.  See United States v. Zuniga-Chavez, 464 F.3d 1199, 1203-05 (10th Cir. 2006).  "After the government introduces the certified copies [or other evidence] of conviction, the district court must take the additional step of conducting a hearing on the § 3559 issue only if the defendant 'tenders *evidence*' denying that the prior convictions pertained to him or her."  Id. (quoting United States v. Oberle, 136 F.3d 1414, 1424 (10th Cir. 1998)).

In the case at bar, Defendant's sentencing briefs do not contest the fact that he is the person to whom the *prior* convictions tendered by the Government pertain.  Defendant only contests the issue of identity with respect to his *present* conviction, and the jury had decided against him on that issue beyond a reasonable doubt.

Defendant also contests whether some of the prior robbery offenses at issue here involved actual or threatened use of a firearm or other dangerous weapon.  Actual or threatened use of a firearm or other dangerous weapon, however, is not an essential element of the Government's case at sentencing.  Rather, Defendant bears the burden of proving by clear and convincing evidence that he did not use or threaten to use a firearm or other dangerous weapon in his prior robberies under an affirmative defense that Congress provided

6

in 18 U.S.C. § 3559(c)(3)(A):

> [r]obbery [or] an attempt, conspiracy, or solicitation to commit robbery . . . shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that--
> (i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and
> (ii) the offense did not result in death or serious bodily injury (as defined in section 1365) to any person.

18 U.S.C. § 3559(c)(3)(A).

To determine what it means to "use" a firearm or other dangerous weapon under this statute, the Tenth Circuit has borrowed the interpretation of that term developed by the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995).  Interpreting a different statute, 18 U.S.C. § 924(c)(1), the Bailey Court reasoned that in order to prove the "use" of a firearm during and in relation to a crime of violence or a drug trafficking crime, the Government must  present "evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense."  Bailey, 516 U.S. at 143.

The Tenth Circuit has concluded that this interpretation captures the ordinary meaning of the word "used" as it appears in 18 U.S.C. § 3559(c).  See United States v. Gottlieb, 140 F.3d 865, 868-69 (10th Cir. 1998).  "Therefore, to come within the purview of the 'nonqualifying felony' exception, a defendant must establish  by clear and convincing evidence that, *inter alia*, no firearm was actively employed in the offense."  Id. at 870-71.

Proof that no firearm or other dangerous weapon was actively employed in the offense does not end the Court's inquiry, however, because 18 U.S.C. § 3559(c) also requires

7

Defendant to prove that his robberies did not involve a "*threat* of use of a firearm or other dangerous weapon."   The Tenth Circuit did not have occasion to decide what constitutes such a threat in Gottlieb, 140 F.3d at 871-73, because Mr. Gottlieb was arrested before he ever presented his victim with a threat to use a firearm or other dangerous weapon under any definition of that term.

In a subsequent case, however, the Tenth Circuit concluded that "the 'threat of use' includes a 'communicated expression to a victim that the defendant would use a firearm.'" United States v. Jones, 213 F.3d 1253, 1262 (10th Cir. 2000) (quoting Gottlieb, 140 F.3d at 872, and citing United States v. Washington, 109 F.3d 335, 337 (7th Cir. 1997)).   Under this definition, a "threat" to use a firearm can occur even if no firearm is actually present during the robbery and even if it is a co-conspirator rather than the Defendant who communicates the threat to an intended victim.   See id.   Thus, the Tenth Circuit affirmed a mandatory life sentence in Jones where Mr. Jones' co-conspirator "verbally communicated that a firearm was present, and made gestures to indicate as much" during  the robbery in question.   Id. Other courts have reached similar conclusions.   See, e.g., Washington, 109 F.3d at 337 (bank robber's delivery of demand note to teller stating "I have a gun" constituted threat to use a firearm); United States v. Cox, 225 F.3d 1018, 1019 (8th Cir. 2000) (co-conspirator's actions in handing teller a demand note stating that the teller would be shot if the silent alarm was activated was a threat to use a firearm even though co-conspirator was carrying only a toy gun in her waistband), vacated and reinstated, 294 F.3d 959 (8th Cir. 2002); United States v. Jones, 319 F. Supp. 2d 703, 706 (N.D. W. Va. 2004) (robber's non-verbal behavior  of

holding a hand in his pocket near a large protruding object hidden in his clothing constituted threat to use a firearm or other dangerous weapon).

It follows from the preceding discussion that Defendant's prior armed robbery convictions dating from 1981 are "serious violent felonies" as a matter of law based on New Mexico's statutory definition of "armed robbery," which requires "use or threatened use of force of violence . . . while armed with a deadly weapon." N.M. Stat. Ann. § 30-16-2. The Government has met its burden of proving that at least one of Defendant's prior armed robbery convictions dating from 1981 counts as his first "serious violent felony" conviction for purposes of the federal "three strikes" law, and Defendant has not met his burden of proving that at least one of these 1981 convictions did not involve the use or threatened use of a firearm or other dangerous weapon.

For purposes of invoking the federal "three strikes" law, however, the Government can count only one of Defendant's armed robbery convictions dating from 1981 as his "first strike," because  18 U.S.C. § 3559(c)(1)(B) requires that the *commission* of the second offense must follow the *conviction* for the first offense: "each serious violent felony . . . used as the basis for sentencing under this subsection, other than the first, [must be] committed after the defendant's conviction of the preceding serious violent felony." Id.; see Snype, 441 F.3d at 142-43 n.17. Although in this case Defendant appears to have *committed* eleven armed robberies between April 9, 1980, and February 26, 1981, he was not *convicted* of any of those robberies until May 7, 1981. [Doc. 23.] That means one must look to crimes *committed* no earlier than May 8, 1981, for Defendant's "second strike."

The Government contends that Defendant committed at least two robberies in 1997, either of which qualify as his "second strike" for purposes of 18 U.S.C. § 3559(c).  On May 14, 1998, Defendant was convicted and sentenced by a state court for robbing a Sam's Club on November 22, 1997 ("the 1997 Sam's Club robbery").   On April 27, 1999, Defendant was convicted and sentenced by the Honorable Bruce Black in federal court for robbing the Norwest Bank on July 25, 1997 ("the 1997 Norwest Bank robbery).  These robbery offenses are "serious violent felonies" as a matter of law, and the Government has met its burden of proving their applicability in this case.

With respect to the 1997 Sam's Club robbery and the 1997 Norwest Bank robbery, Defendant attempts to raise the affirmative defense provided in 18 U.S.C. § 3559(c)(3)(A), by presenting his testimony that:  (1) he denies using a gun or a dangerous weapon, (2) he denies having a gun or a dangerous weapon, (3) he denies threatening to use a gun or a dangerous weapon, and (4) he denies stating orally or in writing that he had a gun or a dangerous weapon.  In anticipation of this defense, the Government filed an affidavit attaching police reports and witness statements indicating that during both 1997 robberies, Defendant gave the victim a demand note stating "I have a gun."  [Ex. 1 through 4 to Doc. 100.]  I find these police reports and witness statements to be credible.

Ms. Jaramillo, the teller from the 1997 Norwest Bank robbery, also testified under oath in Defendant's presence during the trial on August 16, 2006.  In her trial testimony, she recalled that the bank robber told her to read a demand note, and the demand note stated that the robber had a gun.  [Tr. 8-16-06.]  I find Ms. Jaramillo's testimony to be credible and

10

reliable on this point, and I find that Defendant's testimony to the contrary is not credible or reliable.   With respect to the 1997 Norwest Bank robbery, I further determine that Defendant's demand note, taken together with his statements instructing the teller to read it, meets the definition of a "threat of use of a firearm or other dangerous weapon" articulated by the Tenth Circuit and other courts in the authorities cited above.

Because Defendant fails to meet his burden of proving otherwise with respect to the 1997 Norwest bank robbery, it does not matter whether the 1997 Sam's Club robbery also involved such a threat.   The 1997 Norwest Bank robbery alone is enough to establish the "second strike" for purposes of imposing a mandatory life sentence under 18 U.S.C. § 3559(c).

To the extent I am required to consider the 1997 Sam's Club robbery as well, I also find that Defendant's testimony disputing whether he threatened to use a firearm or other dangerous weapon during this robbery is not credible or reliable.   The Government has tendered witness statements indicating the use of a demand note stating "I have a gun" during the 1997 Sam's Club robbery.   [Ex. 3, 4 to Doc. 100.]   While it is true that the witness statements tendered with the Government's affidavit may qualify as hearsay, the Court is not necessarily precluded from considering them in this context, because the Federal Rules of Evidence do not apply at sentencing hearings.   See United States v. Browning, 61 F.3d 752, 755 (10th Cir. 1995) (citing Fed. R. Evid. 1101(d)(3) and U.S.S.G. § 6A1.3(a)); Zuniga-Chavez, 464 F.3d at 1203-05.   As a matter of law, the 1997 Sam's Club robbery had to involve some use or threatened use of force or violence, because that is one of the essential

elements of robbery under state law.

Further, the victim statement from this robbery is very clear that Defendant not only said he had a gun in the demand note; he also threatened to shoot the victim and stated that he and his partner had been watching the victim and knew where she lived. [Ex. 4 to Doc. 100.] This evidence, which I find credible, meets the statutory definition of a "threat of use of a firearm or other dangerous weapon" under the authorities cited above.

Because either the 1997 Norwest Bank robbery or the 1997 Sam's Club robbery count as Defendant's "second strike" for purposes of imposing a mandatory life sentence under 18 U.S.C. § 3559(c), the next question is whether Defendant's conviction in the present case counts as his "third strike."   Again there is no question that this conviction under 18 U.S.C. § 2113(a) is a "serious violent felony" under 18 U.S.C. § 3559(c) as a matter of law, and the conviction is already part of the record in this case.

And again, there is no credible or reliable evidence to support the affirmative defense that Defendant did not threaten to use a firearm or other dangerous weapon during the commission of this most recent bank robbery.   On this point, I find the trial testimony of the victim, Ms. Whitson, to be credible and reliable.   While under oath in Defendant's presence on August 16, 2006, Ms. Whitson testified that Defendant told her to read a demand note, and the demand note stated that he had a weapon.   Ms. Whitson further testified that Defendant repeatedly threatened to kill her. [Tr. 8-16-06.] This testimony is corroborated by the statement she gave police after the robbery, which is attached as an exhibit to Mr. Kimball's affidavit. [Ex. 5 to Doc. 100.]   The demand note stating that the robber had a

weapon, combined with the repeated threats to kill the teller, constitute "a threat of use of a firearm or other dangerous weapon" under 18 U.S.C. § 3559(c)(3)(A).

It follows from the above analysis that the Government has met all the requirements set forth in 18 U.S.C. § 3559(c) for imposing a mandatory life sentence in this case, and Defendant has failed to meet the statutory requirements for an affirmative defense. Accordingly, I next turn to Defendant's constitutional challenges to the application of this statute.

## II.    The Constitutionality of Life Imprisonment Under 18 U.S.C. § 3559(c)

The Tenth Circuit has considered and rejected numerous constitutional challenges to the federal "three strikes" law requiring mandatory life imprisonment upon the third conviction for a serious violent felony.  See, e.g., United States v. Gurule, 461 F.3d 1238, 1246-48 (10th Cir. 2006) (rejecting constitutional challenges based on separation of powers, procedural due process, and the Cruel and Unusual Punishments Clause of the Eighth Amendment).

Both the Tenth Circuit and four other circuits have rejected the specific constitutional challenge that Defendant is presenting here, *i.e.*, whether judicial factfinding under the burden-shifting framework set forth in 18 U.S.C. § 3559(c) violates Defendant's constitutional right to a jury trial at which the Government must prove the disputed factual prerequisites for a mandatory sentencing enhancement beyond a reasonable doubt.  See Cooper, 375 F.3d at 1053 n.3; Snype, 441 F.3d at 148 (collecting cases).  The rationale for allowing judicial factfinding to establish prior convictions under 18 U.S.C. § 3559(c) is that

the Supreme Court's general prohibition on judicial factfinding with respect to mandatory

sentencing enhancements recognizes an exception for "the fact of a prior conviction."

Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  This exception was reaffirmed in

Blakely v. Washington, 542 U.S. 296, 301 (2004).  See Cooper, 375 F.3d at 1053 n.3.

> As recently explained by the Second Circuit,
>
> > [t]his exception preserved the holding in Almendarez-Torres v. United States,
> > 523 U.S. 224, 239-47 (1998), which stated that, where a statute provides for
> > an enhanced penalty based on a defendant's prior convictions, the fact of those
> > convictions is a sentencing factor to be determined by the court rather than a
> > jury. Although the continued viability of Almendarez-Torres has been
> > questioned, see Shepard v. United States, 544 U.S. [13], 27-28 [(2005)]
> > (Thomas, J., concurring in part and concurring in judgment) (suggesting that
> > a majority of the Supreme Court now views Almendarez-Torres as inconsistent
> > with Apprendi), the Supreme Court has not reversed its holding, see generally
> > United States v. Booker, 543 U.S. 220, 244 (2005) (reaffirming Apprendi rule
> > in terms including Almendarez-Torres exception: "Any fact (other than a prior
> > conviction) which is necessary to support a sentence exceeding the maximum
> > authorized by the facts established by a plea of guilty or a jury verdict must be
> > admitted by the defendant or proved to a jury beyond a reasonable doubt"
> > (emphasis added)); cf. Dretke v. Haley, 541 U.S. 386, 395 (2004) ("We have
> > not extended [ In re ] Winship 's protections to proof of prior convictions used
> > to support recidivist enhancements."). Thus, Almendarez-Torres continues to
> > bind this court in its application of Apprendi.  See United States v. Estrada,
> > 428 F.3d 387, 390 (2d Cir.2005) (applying Almendarez-Torres exception post-
> > Booker); United States v. Santiago, 268 F.3d 151, 155 (2d Cir.2001).

Snype, 441 F.3d at 148.

In a slightly different context that addressed sentencing enhancements under the

Armed Career Criminal Act, 18 U.S.C. § 924(e), rather than mandatory life imprisonment

under 18 U.S.C. § 3559(c), the Tenth Circuit offered a similar explanation of why the

exception for judicial factfinding with respect to prior convictions remains good law after

Booker:

14

> The majority opinion in <u>Booker</u> does not mention <u>Almendarez-Torres</u>, much less overrule it. Indeed, the Court explicitly confirmed the prior conviction exception, stating: "we reaffirm our holding in <u>Apprendi</u>: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Id.</u> at 756. Furthermore, <u>Apprendi</u>'s reason for excepting prior convictions remains as valid after <u>Booker</u> as it was before. In previous criminal proceedings, a defendant received sufficient procedural protections to alleviate any Sixth Amendment concerns about using convictions stemming from those proceedings for sentencing.

<u>Moore</u>, 401 F.3d at 1223.  The <u>Almendarez-Torres</u> exception for prior convictions is again noted in the Supreme Court's most recent pronouncement on this subject.  <u>See</u> <u>Cunningham v. California</u>, No. 05-6551, 2007 WL 135687, at *7, *11 (Jan. 22, 2007).

Another justification for the "prior conviction" exception is that placing Defendant's prior convictions before a jury in a criminal trial may be unfairly prejudical for the reasons Defendant raised in the briefing on the motions in limine in this case.  [Doc. 41, 43, 44, 68, 84.]  Defendant cannot have it both ways by claiming that the issue of his prior convictions must be presented to a jury and then claiming that the jury should not hear evidence concerning these convictions because it is unfairly prejudicial.

If Defendant disputes the applicability of his prior convictions, and if the Court were to require the Government to prove to a jury that such disputed convictions qualify Defendant for a mandatory life beyond a reasonable doubt, then the Court would have to allow the Government to present detailed evidence in its case-in-chief concerning each of the disputed convictions that might qualify as a "serious violent felony" under 18 U.S.C. § 3559(c).  Defendant could not claim unfair prejudice under this scenario because such

evidence would be highly probative of the essential elements of the Government's case. Thus, before Defendant ever took the stand to testify about whether any of his prior convictions involved threats or firearms, his credibility before the jury would be substantially undermined by the jury's prior knowledge of the details of his extensive criminal history. For these additional reasons, I seriously doubt that placing the issue of Defendant's prior convictions before a jury would leave him in a better predicament--or one more in keeping with constitutional and evidentiary norms--than the alternative of judicial factfinding on this subject.

To the extent that the applicability of 18 U.S.C. § 3559(c) can be ascertained from the judicial record and the statutory definitions of the robbery offenses for which Defendant was convicted, it also remains to be shown that there are any facts regarding these convictions which a jury would need to determine.  See Snype, 441 F.3d at 148-49 (citing Shepard, 544 U.S. at 24).  As noted above, the initial question of whether a particular offense meets the statutory definition of a "serious violent felony" is a question of law for the Court to decide. The only fact question presented here is whether Defendant used or threatened to use a firearm or other dangerous weapon in the course of the robberies.  Defendant bears the burden of proof on this question because the statute makes it an affirmative defense rather than an essential element of the Government's case.

Defendant, however, challenges the constitutionality of requiring him to bear the burden of proving that he qualifies for the affirmative defense provided in 18 U.S.C. § 3559(c)(3)(A).  This type of challenge is grounded in the Due Process Clause of the Fifth and

Fourteenth Amendments rather than the Sixth Amendment right to a jury trial.

The Tenth Circuit and other courts have consistently rejected the argument that the statutory affirmative defense at issue here unconstitutionally shifts the burden of proof to the Defendant during the sentencing phase.  See Gurule, 461 F.3d at 1248-49 (citing United States v. Smith, 208 F.3d 1187, 1189-90 (10th Cir. 2000)); Snype, 441 F.3d at 149 (collecting cases).  The rationale for upholding the constitutionality of the "three strikes" law's burden-shifting framework stems from the Supreme Court's holding in Patterson v. New York, 432 U.S. 197, 207-208 (1977), that "the legislative branch may constitutionally allocate the burden of proving an affirmative defense to the defendant."  Smith, 208 F.3d at 1190.  "'If Patterson allows such a result even at the stage of the trial where guilt or innocence is decided, it follows that due process does not prohibit the kind of affirmative defense at the sentencing stage found in § 3559(c)(3)(A).'"  Id. (quoting United States v. Wicks, 132 F.3d 383, 389 (7th Cir. 1997)).  Courts have continued to reject such due-process challenges to the burden-shifting framework at sentencing even after Booker was decided. See, e.g., Gurule, 461 F.3d at 1248-49; Snype, 441 F.3d at 149-50.

For these reasons, 18 U.S.C. § 3559(c) is not unconstitutional on any of the grounds articulated in Defendant's sentencing briefs.  There is already binding precedent from the Supreme Court and the Tenth Circuit rejecting such constitutional challenges, and the application of the "three strikes" law is mandatory in this case, thereby obviating any need for further discussion of the Sentencing Guidelines or other factors under 18 U.S.C. § 3553(a).

**IT IS, THEREFORE, ORDERED** that Defendant John Norbert Contreras is sentenced to a term of life imprisonment with the additional conditions stated at the sentencing hearing; judgment shall be entered accordingly.

**SO ORDERED** this 31st day of January, 2007, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
UNITED STATES DISTRICT JUDGE