IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN NORBERT CONTRERAS

    Movant,

vs.                                                       No. CV16-00703 MCA/CG
                                                               No. CR 05-01150 MCA

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court under rule 4 of the Rules Governing Section 2255 Proceedings on the Motion to Vacate Judgment Under 28 U.S.C. § 2255 filed by Movant John Norbert Contreras on June 24, 2016 (CV Doc. 1; CR Doc. 137). The Court determines that it plainly appears from the Motion and the record of the prior proceedings in CR 05-01150 MCA that Contreras is not entitled to relief. The Court will dismiss the Motion under rule 4(b).

Contreras was indicted on May 25, 2005 for bank robbery in violation of 18 U.S.C. § 2113 and was convicted by a jury on August 16, 2006. (Cr. Doc. 2, 95). The United States gave notice that Contreras was eligible for imposition of a mandatory life sentence under the enhanced penalty provisions of 18 U.S.C. § 3559(c) on September 25, 2005. (Cr Doc. 23). Contreras objected to the Presentence Report, including objecting that his prior New Mexico State robbery convictions did not qualify as predicate offenses for imposition of the life sentence under § 3559(c). (CR Doc. 111). The Court overruled his objections, determined as a matter of law that the robbery offenses were proper predicate offenses for purposes of § 3559(c), and found as a matter of fact that the United States had proved sufficient predicate offenses for imposition of the

1

mandatory life sentence under § 3559(c). (CR Doc. 116). Contreras appealed to the United States Court of Appeals for the Tenth Circuit, which affirmed his conviction and the imposition of the § 3559(c) life sentence on September 9, 2008. (CR Doc. 118, 130).

Contreras filed his Motion to Vacate Judgment Under 28 U.S.C. § 2255 on June 24, 2016. (CV Doc. 1; CR Doc. 137). Contreras contends that his life sentence under the "three-strikes" law of 18 U.S.C. § 3559(c) is unconstitutional in light of the U.S. Supreme Court's decision in *Johnson v. United States,* ___U.S. ___, 135 S.Ct. 2551(2015). In Johnson, the Supreme Court struck down the residual clause language of 18 U.S.C. § 924(e) of the Armed Career Criminal Act of 1984 (ACCA). Section 924(e)(2)(B) provides:

> "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . ."

For purposes of Section 924(e), "violent felony" is defined to mean any crime punishable by imprisonment for a term exceeding one year that:

> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . ."

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized language has come to be known as the residual clause. *Johnson,* 135 S.Ct. at 2556. In *Johnson*, the Supreme Court held that the language of the residual clause is impermissibly vague and imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. 135 S.Ct. at 2563.

Contreras argues that the holding of *Johnson* should be extended to the "three strikes" provision of 18 U.S.C. § 3559(c).  Section 3559(c) states:

> "[A] person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if—
>
> (A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of—
> (1) 2 or more serious violent felonies . . ."

18 U.S.C. § 3559(c)(1). For purposes of § 3559(c), "serious violent felony" is defined to mean:

> (i) [A] Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery (as described in section 2111, 2113, or 2118; . . . and
>
> (ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another ***or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense.***"

18 U.S.C. § 3559(c)(2)(F) (emphasis added).  Contreras contends that the reasoning of *Johnson* striking down the residual clause of the ACCA should be extended to invalidate the similar residual clause language of § 3559(c).  (CV Doc. 1 at 4-5; CR Doc. 137 at 4-5).

The Court is not aware of any precedential opinion that has applied the *Johnson* holding to the residual clause of 18 U.S.C. § 3559(c).  However, it is unnecessary for the Court to reach the question of whether *Johnson* should be extended to the residual clause of the "three strikes" provision of § 3559(c).  The serious violent felony offenses used to sentence Contreras are all either the enumerated offense of robbery (as described in 18 U.S.C. §§ 2111 or 2113) or force (element) clause offenses and Contreras was sentenced without resort to the residual clause language of § 3559(c)(2)(F)(ii).

The predicate offenses used to determine whether Contreras should receive the mandatory life sentence under § 3559(c) included: (1) his 1981 conviction on nine counts of Armed Robbery with a deadly weapon or firearm, each committed on separate occasions, in State of New Mexico, Second Judicial District cause no. CR 33383; (2) a 1988 conviction for Robbery in State of New Mexico, Second Judicial District cause no. CR 97-3817; and (3) a 1999 conviction for Bank Robbery under 18 U.S.C. § 2113 in United States District Court cause no. CR 98-00075 BB. (*See* CR Doc. 23). Contreras does not contest the validity of the federal Bank Robbery conviction as a predicate, enumerated offense under § 3559(c). Instead, he contends that his State armed robbery and robbery convictions cannot qualify as "serious violent felonies" under either the enumerated or force clauses and, therefore, are invalid to support the "three strikes" enhancement. (CV Doc. 1 at 5; CR Doc. 137 at 5).

As this Court previously determined, however, the New Mexico armed robbery and robbery convictions properly qualify as predicate convictions under both the enumerated and the force clauses of § 3559(c). (CR Doc. 116 at 3-5). The enumerated clause of § 3559(c)(2)(F)(i) provides that "serious violent felony" includes a Federal *or State* offense, by whatever designation and wherever committed, consisting of robbery as described in 18 U.S.C. § 2111. Section 2111 describes the crime of robbery as follows:

> "Whoever . . . by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another anything of value, shall be imprisoned not more than fifteen years."

18 U.S.C. § 2111. The New Mexico robbery statute parallels the federal description of "robbery." New Mexico's statute defines "robbery" to consist of "the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence." N.M.Stat.Ann. § 30-16-2 (1978). A robbery conviction under § 30-16-2

4

constitutes the enumerated offense of "robbery (as defined in section 2111)." 18 U.S.C. § 3559(c)(2)(F)(i). *See United States v. Snype,* 441 F.3d 119, 144 (2d Cir. 2006) (parallel state robbery convictions qualify as enumerated predicate offenses under § 3559(c)(2)(F)(i)).

Even if New Mexico's crime of robbery was not considered to be an enumerated offense under § 3559(c)(2)(F)(i), it would still qualify as a predicate conviction under the force or element clause of § 3559(c)(2)(F)(ii). The New Mexico appellate courts have consistently stated that the use or threatened use of force is an essential element of the offense of robbery. *See State v. Hernandez,* 2003-NMCA-131, ¶ 9, 79 P.3d 1118; *State v. Walsh,* 463 P.2d 41, 43 (Ct. App. 1969). Under New Mexico law, armed robbery is not a different offense but, instead, is a means of committing robbery that results in a greater penalty. *See State v. Roque,* 569 P.2d 417, 419 (Ct. App. 1977). All of Contreras's State robbery convictions were offenses punishable by a maximum term of imprisonment of 10 years or more that have as an element the use, attempted use, or threatened use of physical force against the person of another. *See* CR Doc. 23; N.M.Stat.Ann. §§ 30-16-2 and 31-18-15 (1978); 18 U.S.C. § 3559(c)(2)(F)(ii).

The life sentence was properly imposed in this case without resort to the residual clause of § 3559(c)(2)(F)(ii). Even if *Johnson's* holding was applied to the "three strikes" provision of § 3559(c), Contreras would not be eligible for relief because his sentence was not enhanced based on the residual clause. It plainly appears from the Motion and the prior proceedings in CR 05-01150 MCA that Contreras is not entitled to relief and the Court will dismiss his 2255 Motion under rule 4(b) of the Rules Governing Section 2255 Proceedings. The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Contreras has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

**IT IS ORDERED** that the Motion to Vacate Judgment Under 28 U.S.C. § 2255 filed by Movant John Norbert Contreras on June 24, 2016 (CV Doc. 1; CR Doc. 137) is **DISMISSED** with prejudice, the Court denies a certificate of appealability, and judgment will be entered.

                                              _____
                                              UNITED STATES DISTRICT JUDGE