IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES,

    Plaintiff,

vs.                                                                                                                       CR No. 05-1150 JB

JOHN NORBERT CONTRERAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REDUCE SENTENCE

**THIS MATTER** comes before the Court on: (i) the Defendant's Motion to Reduce Sentence, filed April 22, 2019 (Doc. 159)("Motion to Reduce"); and (ii) the Motion to Appoint Counsel, filed April 25, 2019 (Doc. 160)("Motion for Counsel"). Defendant John Norbert Contreras asks the Court to advise him whether he is eligible for a reduced sentence under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. The First Step Act contains a number of sentencing reform provisions that impact mandatory minimums, criminal history points, and the "three-strike" mandatory penalty under 18 U.S.C. § 841. Only one sentencing reform provision, however, is retroactive. Section 404 of the First Step Act retroactively applies the Fair Sentencing Act of 2010, allowing the Court to impose a reduced sentence for certain crack-cocaine offenders convicted before August of 2010. See Pub. L. No. 115-391, 132 Stat. 5194, § 404(b) (retroactively applying the Fair Sentencing Act of 2010); United States v. Gay, 771 F.3d 681, 684 (10th Cir. 2014)(stating that the Fair Sentencing Act "reduced the statutory penalty disparity between cocaine powder and crack cocaine"). For all other offenses, the new sentencing reform provisions benefit only individuals who were convicted after December 21, 2018, when Congress enacted the First

Step Act.  See Pub. L. No. 115-391, 132 Stat. 5194, §§ 401(c); 402(b); and 403(b).

Defendant John Norbert Contreras is not a crack-cocaine offender.  A jury convicted him of bank robbery in violation of 18 U.S.C. §§ 2113(a) and 3559(c).  See Jury Verdict at 1, filed August 16, 2006 (Doc. 95); Judgement at 1, filed March 5, 2007 (Doc. 117).  Contreras was also convicted and sentenced before the First Step Act was enacted; by a Judgment entered March 5, 2007, the Court sentenced him to life imprisonment.  See Judgment at 2.  Contreras is therefore not eligible for resentencing under the First Step, and the Court will deny both the Motion to Reduce and the Motion for Counsel.  To the extent that the Motion to Reduce also discusses Contreras' conditions of confinement in prison, he must raise those claims in a civil rights action pursuant to 42 U.S.C. § 1983.  See Palma–Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)("[A] prisoner who challenges the conditions of his confinement must do so through a civil rights action.").

**IT IS ORDERED** that: (i) the Defendant's Motion to Reduce Sentence, filed April 22, 2019 (Doc. 159), is denied; and (ii) the Motion to Appoint Counsel, filed April 25, 2019 (Doc. 160) is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

John C. Anderson
   United States Attorney
Fred J. Federici
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

   *Counsel for the Plaintiff*

John Norbert Contreras
Federal Correctional Institution Cumberland Cumberland, Maryland

   *Defendant pro se*